**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL R. D'ALESSANDRO, : | |
| Petitioner, : | Civil Action No.: 01-5713(WGB) |
| v. : | |
| W. STANLEY NUNN, : | **O P I N I O N** |
| Administrator, South Woods : | |
| State Prison, and ATTORNEY : | |
| GENERAL OF THE STATE OF : | |
| NEW JERSEY, : | |
| Respondents. : | |

**APPEARANCES:**

Michael R. D'Alessandro, Pro Se
#202420
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

Joseph J. D'Onofrio, Jr.
Assistant Prosecutor
Morris County Prosecutor's Office
Records & Administration Bldg.
Third Floor
P.O. Box 900
Morristown, NJ 07963-0900

**WILLIAM G. BASSLER**, Senior District Judge

This matter is before the Court on Petitioner's Motion for Reconsideration of the Court's Order of May 25, 2005, in which the Court denied Petitioner's habeas corpus petition. Respondents have not opposed the motion.

## BACKGROUND

On December 6, 2001, Petitioner submitted an application for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. He made the following arguments:

    1.   The prosecutor's summation exceeded the bounds of
         properity [sic] by infringing upon the defendant's
         fifth amendment privilege.
    2.   The trial court erred in denying defense counsel's
         motion for a mistrial based upon a discovery violation.
    3.   The trial court erred in charging the jury on the issue
         of flight.
    4.   Defense counsel's performance prior to and during trial
         denied the petitioner the effective assistance of
         counsel.
    5.   The trial court erred in permitting petitioner's
         inculpatory statements into evidence.
    6.   Petitioner was denied his Fourteenth Amendment
         protections of both due process and equal protection by
         the refusal to provide him with PCRA hearing
         transcripts for appeals and dismissal of those appeals.

(Pet., p. ii). On May 24, 2005, this Court denied the petition on the merits. (See Opinion, docket entry 23).

On June 7, 2005, Petitioner filed a motion for reconsideration (which was dated June 2, 2005). Petitioner argues that this Court's Opinion was in error and the Writ should be granted, or in the alternative, that a certificate of appealability should have been issued.

## DISCUSSION

Generally, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law. See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed.

1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).  "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision."  Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998).  However, mere disagreement with the district court's decision is inappropriate on a motion for reargument, and should be raised through the appellate process.  Id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)).  "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion."  Assisted Living, 996 F. Supp. at 442.  Accordingly, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)."  Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993).

   In this case, Petitioner merely disagrees with this Court's Opinion.  He cites no manifest errors of law or fact by this Court.  He instead re-argues the claims of his habeas petition.

Thus, his arguments are more properly raised in an appeal, or a request for a certificate of appealability before the Court of Appeals for the Third Circuit.  Therefore, his motion for reconsideration will be denied.

## **CONCLUSION**

For the reasons set forth above, Petitioner's motion pursuant to Fed. R. Civ. P. 59(e) and Local Civ. R. 7.1(g) for reconsideration of the Court's Order of May 24, 2005 is hereby denied.  An appropriate Order accompanies this Opinion.

_____
 /S/     WILLIAM G. BASSLER
United States Senior District Judge

DATED: January 20, 2006